IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE M. SCHMUTTE,  )  
    Petitioner  ) | C.A.No. 1:22-cv-69 |
|     ) | |
| vs.  ) | |
|     ) | |
| WARDEN HUTCHINSON, et al,  )  
    Respondents.  ) | |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on February 2, 2022. The matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Petitioner Shane Schmutte, a federal inmate who was convicted by the United States District Court for the Southern District of Indiana, challenges his conviction and sentence based on the United States Supreme Court decision in *Borden v. United States*, 593 U.S. 420 (2021).[1]

On February 16, 2023, Judge Lanzillo issued a Report and Recommendation finding that this Court lacked subject matter jurisdiction over the petition and recommended that the petition be transferred to the Court of Appeals for the Seventh Circuit for treatment as a request to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 17. In arriving at his recommendation, Judge Lanzillo examined the procedural history of Petitioner's challenges

---

[1] In *Borden*, the Supreme Court held that, to be counted as a violent felony for purposes of the Armed Career Criminal Act, a criminal offense requires a mens rea of more than of recklessness. *Id*.

1

to his conviction: he filed a direct appeal to the Seventh Circuit, as well as a subsequent motion to vacate in the sentencing court. The instant habeas petition seeks relief under a narrow jurisdictional exception to § 2255 afforded by the Third Circuit and first enunciated in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Judge Lanzillo concluded that Petitioner did not meet the limited parameters of the *Dorsainvil* exception.

Petitioner filed Objections to the Report and Recommendation, where were liberally construed as a request that the petition be held in abeyance pending the Supreme Court decision in *Jones v. Hendrix*. ECF No. 19, 20. Respondents did not oppose the granting of a stay and thereafter, the undersigned issued a stay until thirty days following the U.S. Supreme Court's decision. ECF No. 21, 22. The Supreme Court issued its opinion in *Jones v. Hendrix,* 599 U.S. 465 (2023), the stay in this case was lifted, and Petitioner was permitted to supplement his Objections to the Report and Recommendation. *See* ECF Nos. 25, 27, 28.

In *Jones*, the Supreme Court held that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restriction on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix,* 599 U.S. at 471. By so holding, the Supreme Court abrogated the Third Circuit's long-standing precedent of *In re Dorsainvil*, which had provided a narrow opportunity for a federal prisoner to challenge his conviction under § 2241 by "arguing actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." *Drummond v. Hutchison*, 2025 WL 319344, at *2 (W.D. Pa. Jan. 23, 2025) *quoting Bruce v. Warden, Lewisburg*, 686 F.3d 170, 179 (3d Cir. 2017). The Third Circuit has explicitly acknowledged the abrogation. *See Voneida v. Johnson*, 88 F.4th 233, 237 (3d Cir.

2

2023) ("We write precedentially to formally acknowledge what district courts in this circuit have already recognized: *Jones* abrogated *In re Dorsainvil*.").

In the instant petition, Petitioner sought relief through *Dorsainvil*. Judge Lanzillo concluded that Petitioner did not meet the narrow requirements for *Dorsainvil* relief and since the Report and Recommendation, *Dorsainvil* has been abrogated by the Supreme Court. In his Supplemental Objections, Petitioner recognizes that "*Dorsainvil* is dead and it's a new day." ECF No. 28, p. 2. Petitioner argues that because *Dorsainvil* is no longer, he is entitled to relief under the savings clause of § 2255. Petitioner misunderstands the effect of *Jones*. The *Jones* Court clarified that a prisoner's ability to obtain savings clause review under § 2241 is limited to extraordinarily unusual circumstances, such as when "the sentencing court's dissolution" makes it "impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones*, 599 U.S. at 478 (noting that a motion made to a court "that no longer exists" is "obviously 'inadequate or ineffective' for any purpose."). Put another way, "so long as it is not essentially impossible to pursue a § 2255 motion at all, federal law requires a petitioner to challenge his conviction only through a motion brought pursuant to 28 U.S.C. § 2255." *Smith v. Knight*, 2024 WL 3199949, at *1 (D.N.J. June 26, 2024) *citing Jones*, 599 U.S. at 477-79. This is true even if the petitioner cannot meet the stringent gatekeeping restrictions of § 2255(h) because his claim involves a new rule of statutory rather than constitutional law. Accordingly, there is no relief available to Petitioner in this jurisdiction.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2). After *de novo* review of the documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 28th day of March 2025;

IT IS HEREBY ORDERED that because this Court lacks subject matter jurisdiction over it, this petition for writ of habeas corpus be transferred to the Court of Appeals for the Seventh Circuit for treatment as a request to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255.

IT IS FURTHER ORDERED that the Clerk is directed to transfer this matter to the Court of Appeal for the Seventh Circuit FORTHWITH.

AND, IT IS FURTHER ORDERED that, along with the further analysis herein, the report and recommendation of Chief Magistrate Judge Lanzillo, issued on February 16, 2023 [ECF No. 17], is adopted as the opinion of the court.

*[signature]*
SUSAN PARADISE BAXTER
United States District Judge